Salas Soler, Juez Ponente
*743 TEXTO COMPLETO DE LA SENTENCIA
En el caso de título, se había presentado, el 30 de enero de 2001, un recurso de certiorari por parte del peticionario señor Juan L. García González ("García"). En aquella ocasión, tanto el peticionario como el Honorable Procurador General convergieron en que se devolviera el caso al hermano foro de Instancia para que luego de preparado y considerado el informe pre-sentencia se dictara la correspondiente sentencia. Se preparó el referido informe y a base de éste, el Tribunal recurrido procedió a dictar sentencia y le impuso al. convicto una pena de reclusión de tres (3) años y ordenó que la. pena fuera cumplida en una institución penal, ya que se le denegó los beneficios de sentencia suspendida. Inconforme el peticionario con la sentencia impuesta, recurre de nuevo ante este Foro. Estamos en posición de revisar, ya que el Honorable Procurador ha comparecido.
I. HECHOS
Por hechos ocurridos el 8 de abril de 2000, se presentó denuncia contra García por infracción al Artículo 3.2 de la Ley Núm. 54 de 15 de agosto de 1989, 8 L.P.R.A, see. 631 y SS, conocida como la Ley Para la Prevención e Intervención con la Violencia Doméstica. Luego de los procedimientos correspondientes, se celebró el juicio por Tribunal de Derecho, el 23 de enero de 2001. Sometido el caso, Instancia falló declarando culpable y convicto a García por infracción al Artículo 3.2 de la Ley Núm. 54, supra.
Luego del fallo, la defensa solicitó que el acusado fuera referido a un informe pre-sentencia, a los fines de que se beneficiara del Artículo 3.6 de la Ley 54, suprar, sin embargo, la Hon. Fiscal de Sala intervino informándole al Tribunal que García no cualificaba para el desvío, por razón de que en el año 1994 estuvo bajo una probatoria regular por violación al Artículo 404 de la Ley de Sustancias Controladas, 24 L.P.R.A. see. 2404. Al escuchar lo mencionado, el Juez ordenó el encarcelamiento de García, ello a pesar de que estaba bajo fianza. Instancia citó a García en corte abierta para el Pronunciamiento de la Sentencia.
Inconforme, García acudió ante este Foro el 30 de enero de 2001, señalando, en síntesis, que instancia lo ingresó en una institución penal injustificadamente, y que incidió al denegarle un desvío bajo el Artículo 3.6 de la Ley de Violencia Doméstica, supra. El Hon. Procurador compareció ante nos el 20 de febrero de 2001, en articulado escrito, recomendando que se devolviera el caso a Instancia para la preparación del informe pre-sentencia.
Procedimos a emitir una Resolución, el 27 de febrero de 2001, en la cual expresamos nuestra conformidad con lo expuesto tanto por el peticionario como por el Procurador y devolvimos el caso a Instancia para que luego de preparado y considerado el informe pre-sentencia, se dictara sentencia en el caso. El 16 de marzo del 2001, luego de haberse preparado el referido informe, fue llamado el caso para el pronunciamiento de sentencia.
El Tribunal, tras haber examinado el informe, procedió a dictar la sentencia y le impuso al convicto una pena de reclusión de tres (3) años, le eximió del cumplimiento de la Ley 183 y ordenó que la pena fuera cumplida en una institución penal, ya que le denegó los beneficios de sentencia suspendida. El peticionario solicitó reconsideración al Tribunal y alegó de que el hecho de haber sido convicto previamente y haber disfrutado de una probatoria, no lo descualificaba para disfrutar de los beneficios del Artículo 3.6 de la Ley 54, supra. El Tribunal declaró sin lugar la solicitud de reconsideración y ordenó el ingreso del peticionario a una institución penal.
Por no estar de acuerdo con la sentencia, el peticionario recurre nuevamente ante nosotros y señala como único error que incidió el hermano foro al denegarle un desvío bajo el Artículo 3.6 de la Ley de Violencia Doméstica. Revisamos.
La Ley de Violencia Doméstica, en su Artículo 3.6, 8 L.P.R.A., See. 636, provee un procedimiento de desvío, que en lo pertinente dispone:

*744
"Una vez celebrado el juicio y convicto que fuere o que el acusado haga alegación de culpabilidad por cualesquiera de los delitos tipificados en este Capítulo, el tribunal podrá, motu proprio, o mediante solicitud del Ministerio Fiscal o de la defensa, suspender todo procedimiento y someter a la persona convicta a libertad a prueba sujeto a que ésta participe en un programa de reeducación y readiestramiento para personas que incurren en conducta maltratante en la relación de pareja. Antes de hacer cualquier determinación al respecto, el tribunal deberá escuchar al Ministerio Fiscal. Disponiéndose, que en el caso del delito de agresión sexual conyugal, el desvio del procedimiento sólo estará disponible para los casos en que el acusado sea el cónyuge o cohabite con la víctima al momento de la agresión sexual, siempre y cuando dicha cohabitación no sea adúltera y cumpla con las circunstancias que se dispone más adelante.

Esta alternativa de desvío solamente estará disponible cuando existan las circunstancias siguientes:

(a) Se trate de una persona que np haya sido convicta previamente por la comisión de los delitos establecidos en este Capítulo o delitos similares establecidos en las leyes de Puerto Rico o Estados Unidos contra la persona de su cónyuge, ex-cónyuge, persona con quien sostiene o haya sostenido una relación consensual o persona con quien haya procreado un hijo o hija.

(b) Se trate de una persona que no haya violado una orden de protección expedida por cualquier tribunal al amparo de este Capítulo o cualquier disposición legal similar.

(c) Se suscriba a un convenio entre el Ministerio Fiscal, el acusado y la agencia organismo, institución público o privada a que se referirá el acusado.

El tribunal tomará en consideración la opinión de la víctima sobre si se le debe conceder o no este beneficio e impondrá los términos y condiciones que estime razonable y el período de la duración de libertad a prueba que tenga a bien requerir, previo acuerdo con la entidad que presentará los servicios, cuyo término nunca será menor de (1) año, ni mayor de (3) tres.

Si la persona beneficiada con la libertad a prueba que establece esta sección, incumpliere con las condiciones de la misma, el tribunal, previo celebración de vista, podrá dejar sin efecto la libertad a prueba y procederá a dictar sentencia.

Si la persona beneficiada por la libertad a prueba que establece, esta sección no viola ninguna de las condiciones de la misma, el tribunal, previa recomendación al personal competente a cargo del programa al que fuere referido el acusado, en el ejercicio de su discreción y previa celebración de vista, podrá sobreseer el caso en su contra.

El sobreseimiento, bajo esta sección, se llevará a cabo sin pronunciamiento de sentencia por el tribunal, pero se conservará el expediente del caso en el tribunal, con carácter confidencial, no accesible al público y separado de otros récords a los fines exclusivos de ser utilizado por los tribunales al determinar, en procesos subsiguientes, si la persona cualifica para acogerse a los beneficios de esta sección.

El sobreseimiento del caso no se considerará como una convicción a los fines de las descualificaciones o incapacidades impuestas por la ley a los convictos por la comisión de algún delito, y la persona exonerada tendrá derecho, luego de sobreseído el caso, a que el Superintendente de la Policía de Puerto Rico le devuelva cualquier expediente de huellas digitales y fotografías que obren en poder de la Policía de Puerto Rico tomadas en relación con la violación de los delitos que dieron lugar a la acusación.

El sobreseimiento de que trata esta sección, sólo podrá concederse en una ocasión a cualquier persona".

El aludido artículo no revela nada que impida que García pueda disfrutar del beneficio del programa de desvío, aunque haya sido convicto anteriormente por otro delito no relacionado con la violencia doméstica.
*745 La alternativa de desvío está disponible cuando existan las siguientes circunstancias:

"(1) Se trate de una persona que no haya sido convicta previamente por la comisión de los delitos establecidos en este capítulo o delitos similares, establecidos en las leyes de Puerto Rico o Estados Unidos contra la persona que su cónyuge, ex-cónyuge, persona con quien sostiene o haya sostenido una relación consensual o persona con quien haya procreado un hijo o hija."

No surge de autos que García haya sido convicto previamente bajo la Ley Núm. 54, supra. El Ministerio Público sólo alegó que García estuvo en una probatoria regular por una violación al Artículo 404, de la Ley de Sustancias Controladas, supra, en el año 1994, delito completamente diferente a los tipificados en la Ley Núm. 54. Cabe añadir que en dicha ocasión cumplió su probatoria satisfactoriamente.

“(2) Se trate de una persona que no haya violado una orden de protección expedida por cualquier tribunal al amparo de la antes citada ley o cualquier disposición legal similar. ”

No surge de autos que García haya sido denunciado por violar alguna orden de protección.
Surge del informe presentencia, la víctima no se opone a que se le conceda este beneficio al peticionario; resalta también el hecho de que la comunidad favorece el privilegio solicitado. Esta Ley 54, más que punitiva, su espíritu es reeducar a los maltratantes para incorporarlos nuevamente en el seno familiar y erradicar el problema de violencia doméstica que tanto nos afecta.
DICTAMEN
Por lo antes expuesto, se expide al auto de certiorari, y se revoca la resolución recurrida. Se instruye se hagan los arreglos necesarios para que el peticionario pueda disfrutar del programa de desvío y se le envíe a un programa de reeducación y readiestramiento para personas que incurren en conducta maltratante en la relación de pareja.
Lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General